## THE STATE *vs.* BREWER.

A disclosure, by a grand juror, of the names of witnesses who testified before the jury, and the fact that they did testify, and the subject-matter about which they testified, is not an offence within the provisions of the seventeenth section of the fourth article of the act concerning practice and proceedings in criminal cases.

### APPEAL from Morgan Circuit Court.

NAPTON, J., *delivered the opinion of the Court.*

At the March term, 1841, of the Circuit Court for the county of Morgan, an indictment was found against John Brewer, for misdemeanor, under the seventeenth section of the third article of the act concerning practice and proceedings in crim-inal cases.   That section provides, that " no grand juror shall disclose any evidence given before the grand jury, except when lawfully required to testify as a witness in relation thereto, nor shall he disclose the fact of any indictment having been found against any person for a felony, not in actual confinement, until the defendant shall have been arrested thereon.   Any juror violating the provisions of this section, shall be deemed guilty of a misdemeanor."

The indictment averred, that Brewer was a member of the grand jury, sworn and charged, and that it was his duty, as such, not to disclose any evidence given before the grand jury, except when lawfully required, &c.; yet that said Brewer, not regarding his duty in that behalf, on, &c., at, &c., did verbally disclose to one David Ray, that a certain Robert Shaw and a certain E. Clark had given testimony before the grand jury, of which he, said Brewer, was a member, against one J. L. C., for keeping open the grocery of him, the said J. L. C., on Sunday, a bill of indict-ment being then and there found against the said J. L. C., for keeping open his grocery on Sunday, and he, the said J. L. C., not being then and there arrested, contrary, &c.

This indictment, upon motion, was quashed, and the only question here is, as to its sufficiency.

The statute prohibits two offences; first, disclosing evidence given before the grand jury; and, second, disclosing the fact that an indictment has been found, for a felony, under certain circumstances.   The last part of this indictment, reciting, that a bill of indictment was found, and defendant not arrested, is surplusage, as that relates to an offence of which this defendant is not charged.

The defendant is here charged, that he disclosed the fact that two persons, naming them, had given testimony before the grand jury against one J. L. C., for

keeping open his grocery on Sunday. It would be allowing great latitude in criminal pleadings to hold that this is a distinct and clear averment that the defendant disclosed evidence given before the grand jury.

There is no averment in the indictment, that Shaw and Clark, the two witnesses, did appear and testify before the grand jury, nor is there a sufficient averment that the defendant disclosed their evidence. The charge is merely that defendant disclosed the fact that these witnesses did appear, and the subject-matter for or about which they testified. The character, or substance, of their evidence is not alluded to, unless by implication.

No doubt the offence described is within the mischief of the law. To disclose the fact that certain persons have appeared and testified before the grand jury, in relation to a criminal charge, is an offence quite as heinous and as worthy of the notice of the law makers, as the two offences which are specified. But, as was well observed by Judge Marshall, in the case of United States *vs.* Wiltberger, (5 Wheaton,) "it would be dangerous to carry the principle, that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those that are enumerated."

To determine that a case is within the intention of a statute, we must look to its language. . There is nothing in the words of the act under which this indictment was drawn, which would lead to the conclusion that a disclosure of the names of , witnesses, and the fact that they did testify, and the subject-matter about which they testified, was designed to be punished, and it is only because we know that such disclosures are as injurious to the interests of society as those which are enumerated, that we suppose them to be within the reason or mischief of the statute.

We are therefore of opinion, that the indictment was properly quashed.

Judgment affirmed.